UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUARANTEE TRUST LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 10 C 2125 ) ) Judge George M. Marovich ) |
| AMERICAN MEDICAL AND LIFE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Guarantee Trust Life Insurance Company ("Guarantee Life") filed a complaint against defendant American Medical and Life Insurance Company ("American Life"). Another suit between these parties is pending in the Circuit Court of Cook County. Based on the separate suit, defendant American Medical has filed a motion to dismiss this suit, in which motion American Medical asks this Court to abstain from hearing this case. For the reasons set forth below, the Court denies the motion.

**I.     Background**

Plaintiff Guarantee Life is a mutual insurance company in Illinois, and defendant American Life is an insurance company in New York. The two were brought together by American Life's desire to do business in states where Guarantee Life, but not American Life, was licensed to sell policies.

*The state-court action*

In November 2009, Guarantee Life filed suit against American Medical in the Circuit Court of Cook County. The facts alleged in that case (which the Court takes as true) are as follows. In 2006, American Life approached Guarantee Life about an arrangement whereby American Life would sell insurance on Guarantee Life's policy forms in states where American Life could not otherwise sell policies. The two entered an agreement. In addition, the two began to negotiate (but plaintiff says they never executed) a reinsurance agreement (the "2006 Reinsurance Agreement"). Under the 2006 Reinsurance Agreement, Guarantee Life was to reinsure policies sold by American Life in 30 states. Before the 2006 Reinsurance Agreement was executed, however, Guarantee Life learned that American Life had violated state laws by using unlicensed agents and telemarketing firms to sell policies. For this, American Life had been fined $700,000 for violations of New York insurance laws and was under investigation by the states of Texas and Florida. When Guarantee Life found out about American Life's violations, it refused to execute the 2006 Reinsurance Agreement. Even though Guarantee Life never executed the 2006 Reinsurance Agreement, American Life tendered to Guarantee Life monies for premiums.

When Guarantee Life filed suit in the Circuit Court of Cook County, it alleged three counts. In Count I, Guarantee Life sought a declaration that the 2006 Reinsurance Agreement was null and void because Guarantee Life never executed it. In Count II, Guarantee Life sought a declaration that the 2006 Reinsurance Agreement was void as against public policy. In Count III, in the alternative, Guarantee Life sought rescission of the 2006 Reinsurance Agreement.

Despite these problems, 2006 was not the last time Guarantee Life did business with American Life. In 2008, the two entered another reinsurance agreement (the "2008 Reinsurance Agreement"). The 2008 Reinsurance Agreement is the subject of the instant federal case.

***The federal case***

In April 2010, Guarantee Life filed this second suit against American Life. The allegations in this suit (which the Court, again, takes as true) are as follows. In 2008, Guarantee Life and American Life entered the 2008 Reinsurance Agreement. Under that agreement, American Life sold policies using Guarantee Life's policy forms. American Life agreed to reinsure 40% of the liability under the policies it sold on Guarantee Life's forms, and Guarantee Life ceded premiums to American Life. Guarantee Life says it performed its obligations under the 2008 Reinsurance Agreement.

Things went awry due to an offset provision in the 2008 Reinsurance Agreement. The offset provision allowed each side to offset any amounts it owed the other based on amounts the other owed to it–even amounts owed under other agreements. Guarantee Life alleges that American Life refused to pay its share of claims and that American Life's justification was that Guarantee Life owed it money under a separate agreement. Guarantee Life alleges that "[t]here is no valid and enforceable agreement for which an offset would be available to American."

Guarantee Life filed this suit. In Count I, Guarantee Life alleges that American Life breached the 2008 Reinsurance Agreement. In Count II, Guarantee Life alleges that American Life violated Section 155 of the Illinois Insurance Code by refusing to pay claims.

American Life filed a motion to dismiss. American Life argues that the Court should abstain from hearing this case.

## II.     Discussion

Defendant asks the Court to abstain from hearing this case because a parallel case is pending at the Circuit Court of Cook County.  The Court may, under certain circumstances, abstain from hearing a case over which it has jurisdiction.  In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the Supreme Court explained that:

> there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts.  These principles rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'  Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.

*Colorado River*, 424 U.S. at 817 (internal citations omitted).  The reason the state suit is no bar to the federal suit is due to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  The Supreme Court noted that it would be appropriate for the federal court to abstain if the state suit involved property.  It also explained that "a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums."  *Colorado River*, 424 U.S. at 818.  "Only the clearest of justifications will warrant dismissal."  *Id.* at 819.

Before it abstains, a district court must consider whether the two suits are parallel.  If they are, the court considers, "(1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained in the concurrent forums; (5) the source of governing

law; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexation or contrived nature of the federal claim." *AXA Corporate Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 278 (7th Cir. 2003). In *AXA*, the Seventh Circuit noted that the long list of factors created a risk of inconsistent results but that the Supreme Court "has effectively told courts how those factors should be weighed" by emphasizing the obligation to exercise jurisdiction. *AXA*, 347 F.3d at 278. The Seventh Circuit, thus, has reaffirmed the Supreme Court's admonition "not to stay or dismiss actions without strong justification to do so" and has "recognized a general presumption against abstention." *AXA*, 347 F.3d at 278 & 279. The Seventh Circuit has also noted that if the state court finished its proceedings first, the prevailing party could ask the court to consider the preclusive effect of the first judgment. *Id.* at 280.

The Court first considers whether the two suits are parallel and concludes that they are. Each of the three claims in the state case are attempts by Guarantee Life to establish that the 2006 Reinsurance Agreement is not enforceable. In the federal suit, Guarantee Life is trying to establish that American Life breached the 2008 Reinsurance Agreement and violated the Illinois Insurance Code by failing to pay claims. Guarantee Life asserts that when American Life withheld payments (allegedly in breach of the 2008 Reinsurance Agreement and in violation of the Illinois Insurance Code), it did so based on the offset provision, which allowed offsets for amounts Guarantee Life owed American Life under another agreement. According to Guarantee Life, no other valid agreement existed. In order to prevail in the federal suit, then, Guarantee Life must establish that there was no other valid and enforceable agreement between the parties.

As American Life points out (and Guarantee Life does not deny), the only possible other agreement is the 2006 Reinsurance Agreement. Thus, the legal issue in the state-court case (whether or not the 2006 Reinsurance Agreement is enforceable) is an element of plaintiff's claims in the federal case. Accordingly, the Court concludes that the state and federal cases are parallel.

Next, the Court considers whether abstention is appropriate. The Court concludes that if it dismissed this case pursuant to *Colorado River* abstention, then abstention would have to become the rule and not the exception. It will be desirable, in every case, to avoid piecemeal litigation. A federal court will almost always conclude, if for no other reason than respect, that a state court is just as capable of protecting a plaintiff's rights. In this case, the federal case was filed second, but that will be true perhaps 50% of the time when a federal and a state court are exercising contemporaneous, concurrent jurisdiction. Something that happens 50% of the time is not extraordinary. It is just as convenient to litigate the case here as it is to litigate in the state court, which is located a few blocks away. The state-court case is not much further along than this one. The parties agree that this suit is not frivolous. This case does not involve rights to a particular piece of property.

In short, the Court does not see in this case the "clearest of justifications" or anything "extraordinary" that would overcome its "virtually unflagging" obligation to exercise its jurisdiction. Accordingly, the Court will not abstain from exercising its jurisdiction over this case, though it assumes the parties will seek to take advantage of preclusion principles should the state-court case conclude before this one. Defendant's motion is denied.

Just because the Court believes it should exercise its jurisdiction in this case does not mean the Court would recommend litigating related claims in two forums. This is an expensive place to litigate, and the loser is subjecting itself to the winning party's costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

## III. Conclusion

For the reasons set forth above, the Court denies defendant's motion to dismiss.

ENTER:

George M. Marovich
United States District Judge

DATED: September 15, 2010