UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUARANTEE TRUST LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) No. 10 C 2125 |
| v. | ) ) Judge George M. Marovich ) |
| AMERICAN MEDICAL AND LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On April 6, 2010, plaintiff Guarantee Trust Life Insurance Company ("Guarantee Life") filed against American Medical and Life Insurance Company ("American Life") a complaint in which it alleged that American Life breached a reinsurance agreement and in which it requested money damages. Guarantee Life later amended its complaint but still requested only money damages. The parties have a related case pending in the Circuit Court of Cook County.

Before the Court are two motions filed by Guarantee Life. First, Guarantee Life seeks leave to file a second amended complaint in order to add a prayer for specific performance. Second, Guarantee Life seeks a preliminary injunction requiring American Life to post a bond. For the reasons set forth below, the Court denies the motions.

**I.   Discussion**

   **A.   Plaintiff's motion for leave to amend**

On April 1, 2014, Guarantee Life filed a motion seeking leave to file a second-amended complaint in order to add specific performance to its prayer for relief. Defendant objects.

As defendant points out, it is quite late in the case for a request for leave to amend. On October 28, 2010, Magistrate Judge Valdez entered a scheduling order in which she set June 1, 2011 as the deadline for amendments to the pleadings. Such a deadline can be changed upon a showing of good cause, but when a party asks for a change after the deadline has passed, the party must show "excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).

The closest Guarantee Life comes to arguing that its neglect was excusable is to argue that "the need to invoke the equitable powers of the court to compel performance did not become acute until recently." (Plaintiff's Reply Brief at 2, docket entry 241). In its brief, Guarantee Life does not specify what it means by "recently." In its motion to compel bond [docket entry 226], however, Guarantee Life shed light on how recently the need for equitable relief became clear. There, Guarantee Life stated that: (1) American Life reported "significantly diminished" cash and cash equivalents as of June 30, 2013; (2) AM Best Co. downgraded American Life's financial strength from C++ to C+ on October 3, 2013; and (3) at the end of December 2013, American Life reported cash and cash equivalents of $3,491,353.00. Perhaps Guarantee Life could be excused for not requesting leave to amend until June 2013 or even December 2013, but Guarantee Life has given the Court no reason to think its neglect until April 1, 2014 to request leave to amend is excusable.

Because Guarantee Life has failed to show excusable neglect, the Court denies the motion for leave to amend.

**B.      Plaintiff's motion to compel posting of bond**

On March 10, 2014, Guarantee Life filed a motion asking this Court to compel American Life to post a bond in the amount of $1,000,000.00. In its motion, Guarantee Life stated that it

had incurred significant damages (including attorneys' fees) and that it was afraid American Life would become insolvent. Essentially, Guarantee Life sought a preliminary injunction. Guarantee Life did not, however, support is motion with a memorandum of law, so the Court gave Guarantee Life until March 24, 2014 to file its memorandum of law. Guarantee Life asked for additional time (until April 1, 2014), which the Court granted.

The first problem with Guarantee Life's motion is that a federal court has no power to enjoin a defendant's use of its property "pending adjudication of [plaintiff's] claim for money damages." *Grupo Mexicano de Desparrollo, SA v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). In this Court's view, requiring the posting of a bond is no different from encumbering a defendant's property. *See Lakeview Technology, Inc. v. Robinson*, 446 F.3d 655, 658 (7th Cir. 2006) (noting that the concept that a defendant might volunteer to post a bond in lieu of facing an injunction where equitable relief was warranted should not be confused as meaning a court could require a defendant to post a bond); *Georgia Casualty & Surety Co. v. Excalibur Re. Corp.*, __ F. Supp.2d __, __, 2014 WL 996388 at *9 (N.D. GA. March 13, 2014) ("courts may not grant injunctive relief in the form of requiring a defendant to post security when the plaintiff ultimately seeks only money damages.").

Guarantee Life admits as much. Guarantee Life argues, instead, that *Grupo Mexicano* is inapplicable where a plaintiff seeks equitable relief in its complaint. This Court agrees. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (rejecting argument that preliminary injunction freezing defendant's assets was unlawful, where plaintiff had sought equitable relief in original complaint). Guarantee Life argues that it is seeking equitable relief (namely, specific performance), and, therefore, the Court can grant equitable relief. The Court disagrees.

Guarantee Life did not ask for specific performance in its original complaint or its amended complaint. It was not until the *day* Guarantee Life filed its memorandum in support of its motion to compel American Life to post a bond that Guarantee Life asked the Court's leave to add a prayer for specific performance. The Court denied the motion, because, as the Court explained above, the request came too late. Guarantee Life had no claim for equitable relief on the day it filed its motion to compel posting of a bond, and it has no claim for equitable relief now. Therefore, the Court cannot order defendant to post the requested bond. Plaintiff's motion is denied.

Even if Guarantee Life had had a claim for equitable relief pending when it filed its motion to compel bond, the Court still would have denied Guarantee Life's motion to compel the posting of a bond. Guarantee Life has an adequate remedy: money damages after a trial. True, the threat of insolvency can constitute an inadequate remedy. *See Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 386 (7th Cir. 1984) ("A damages remedy can be inadequate for any of four reasons . . . (c) Damages may be unobtainable from the defendant because he may become insolvent before a final judgment can be entered and collected."). This case, however, is not a new case that requires time before a final judgment can be entered. This case has been pending for 4 years, fact discovery has been closed for two years and expert discovery has been closed since December 2012. When it became concerned about American Life's finances, Guarantee Life could have asked for a trial date. Seven days before it filed its motion to compel bond, Guarantee Life's counsel stood in front of the Court and stated that it wanted to try its related case in state court before it tried the case here. That was its choice, and

it was also Guarantee Life's choice to litigate similar claims in two forums.  But this Court would not grant a preliminary injunction to a party that could as easily prove its case at a trial.

**III.    Conclusion**

For the reasons set forth above, the Court denies plaintiff's motion [233] for leave to amend and its motion [226] to compel bond.

ENTER:

_George M. Marovich_
George M. Marovich
United States District Judge

DATED:  May 5, 2014